UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES R. GREENE

        Plaintiff

v.

PERFORMANT RECOVERY, INC.

        Defendant

Civil Action No.
5:17-CV-184[GTS/TWD]

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his counsel, Selbach Law Offices, P.C., complaining of the Defendant, respectfully allege, upon information and belief, as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### III. PARTIES

3. Plaintiff is a natural person residing in the County of Cortland and State of New York.

4. Upon information and belief, Performant Recovery, Inc. ("Performant") is a corporation organized and existing under the laws of the California and transacts business or contracts to supply services in New York with its principal place of business located at 333 North Canyons

Parkway, Suite 100, Livermore, California, 94551.  The causes of action stated herein arise from the said jurisdictional acts.

5. Upon information and belief, the principal purposes of Performant is the collection of debts using the mails and telephone, and Performant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. The Plaintiff filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of New York ("the Bankruptcy Court") on September 5, 2013.  Case number 13-31580-5-mcr was assigned to the case.

7. Scheduled as indebtedness in that case were debts owed to the CFCU Community Credit Union. ("the Debts").

8. The Debts were guaranteed by the United States Small Business Administration.

9. The Debts were personally guaranteed by the Plaintiff.

10. On December 11, 2013 the Bankruptcy Court issued a discharge order.

11. The said discharge order discharged the Plaintiff from any and all obligations regarding the Debts.

12. At all times herein mentioned the Defendant acted as a debt collector in an attempt to collect the Debts from the Plaintiff.

13. Upon information and belief, in or about the month of April, 2016, the Defendant mailed to the Plaintiff written demands to pay the Debts.

14. In or about the month of May, 2016, a female representative of the Defendant telephoned the Plaintiff and demnded payment of the Debts.

15. During the said telephone conversation the Plaintiff indicated to the representative that he had filed a bankruptcy case and had discharged his obligation concerning the Debts. He also provided the representative with his lawyer's name and phone number.

16. Subsequently, the representative telephoned the Plaintiff again and indicated that she had spoken to the Plaintiff's attorney.

17. In this second telephone conversation the representative indicated to the Plaintiff that the Debts were "not covered" in the bankruptcy case and that the Plaintiff was still legally obligated to pay the Debts.

## V. CLAIM FOR RELIEF

18. The foregoing allegations are repeated, realleged and incorporated by reference herein.

19. Defendant, by reason of the aforesaid conduct, violated the FDCPA.

20. Defendant, in violation of 15 U.S.C. §1692c(a)(2), communicated with the Plaintiff when the Defendant knew that the Plaintiff was represented by an attorney with respect to the alleged debt and had actual knowledge of the attorney's name and address.

21. Defendant, in violation of 15 U.S.C. §1692e, used false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. Defendant, in violation of 15 U.S.C. §1692e(2)(A), made representations which contained a false representation as to the character, amount, or legal status of the debt, i.e., that the Plaintiff owed the debt, which was false as the debt had been discharged in a bankruptcy case.

23. Defendant, in violation of 15 U.S.C. §1692e(2)(A), made representations which contained a false representation as to the character, amount, or legal status of the debt, i.e., that the Plaintiff was required to pay the debt, which was false as the debt had been discharged in a bankruptcy case.

24. The aforesaid conduct has caused the Plaintiff severe stress and aggravation.

25. As a result of the aforesaid violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress. In addition, an award of statutory damages, costs and attorneys' fees is warranted and appropriate.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

(d) for such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**

DATED: Syracuse, New York
February 20, 2017

**SELBACH LAW OFFICES, P.C.**

By: /s/James F. Selbach, Esq.
James F. Selbach, Esq.
Winkworth Professional Building
2700 Bellevue Avenue
Syracuse, New York 13219
315.471.6611

*Attorney for Plaintiff*